**Dated: November 8, 2023**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | |
| ) | |
| Bobby Loyd Bilyeu and ) | |
| Melody Jane Bilyeu ) | |
| ) | Case No. 22-12060-JDL |
| Debtors. ) | Chapter 7 |
| ) | |
| Peoples Bank and Trust Co., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adv. No. 23-1038-JDL |
| ) | |
| Bobby Loyd Bilyeu and ) | |
| Melody Jane Bilyeu ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING MOTION TO DISMISS**

**I. Introduction**

This is an adversary proceeding brought by Peoples Bank and Trust Co. ("Bank") asserting that the Debtors' failure or refusal to execute certain documents (forms) which would give the Bank authority to obtain corporate tax returns of the debtors' businesses directly from the Internal Revenue Service impaired the Bank's ability to collect on the loan

guarantee of the Small Business Administration (SBA) and constituted a "willful and malicious injury" rendering non-dischargeable the Debtors' debt to the Bank under the provisions of 11 U.S.C. § 523(a)(6).[1]  Before the Court for consideration are the (1) *Defendants' Motion to Dismiss Complaint* [Doc. 4] asserting that the Bank's Complaint alleging Debtors, or their corporations, failure to execute the documents does not state a claim for relief of non-dischargeability under § 523(a)(6), (2) the Bank's *Objection to Defendants' Motion to Dismiss Complaint* [Doc. 5] and (3) the arguments of counsel heard on November 8, 2023 pursuant to the Court's Notice of Hearing.  Pursuant to Fed.R. Bank.P. 7054 and 9014,[2] the below constitute the Court's Findings of Fact and Conclusions of Law.

## II. Jurisdiction

This Court has jurisdiction to hear this Motion pursuant to 28 U.S.C. §§ 1334(b), and 157(a) and the Order of Reference of the United States District Court for the Western District of Oklahoma as Local Rule LCR 81.4(a).  This matter seeking a determination of an objection to the dischargeability of a particular debt is a core proceeding under 28 U.S.C.§ 157(a)(2)(I).  Venue is proper pursuant to 28 U.S.C. § 1409.

## III.  The Standards for a Motion to Dismiss

A motion to dismiss for "failure to state a claim upon which relief can be granted" is governed by Rule 12(b)(6) of the Fed.R.Civ.P., made applicable to adversary proceedings

---

[1] All further references to "Code", "Section", and "§" are to the United States Bankruptcy Code, Title 11 U.S.C. § 101 *et seq*., unless otherwise indicated.

[2] All future references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure or to the Federal Rules of Civil Procedure made applicable to bankruptcy proceedings, unless otherwise indicated.

2

by Rule 7012. The purpose of a motion to dismiss under Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994). In considering a motion to dismiss, the Court must construe a complaint in the light most favorable to the plaintiff, taken as true all factual allegations and making all reasonable inferences in the plaintiff's favor that can be drawn from the pleadings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010); *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). "That the Court accepts them as true, however, does not mean the allegations in a complaint are in fact true; a plaintiff is not required to prove his case at the pleading stage." *Higginbottom v. Mid-Del School District, et al.*, 2016 WL 951691, at *2 (W.D. Okla. 2016). The Court must not "weigh potential evidence that the parties might present at trial" in order to test the sufficiency of the complaint. *Sutton v. Utah State School for the Deaf And Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). It is well recognized that "granting a motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleadings but also to protect the interests of justice." *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

To survive a motion to dismiss, a complaint must contain enough facts, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

In applying *Twombly's* "plausibility standard," the Tenth Circuit has held that the standard lies as a middle ground between "heightened fact pleading" and "formulaic recitation of the elements of a cause of action." *Robbins v. State of Oklahoma, ex rel., Department of Human Services*, 519 F.3d 1242, 1247 (10th Cir. 2008). Although the complaint need not recite "detailed factual allegations,... the factual allegations must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co. LTD.,* 555 F.3d 1188, 1191 (10th Cir. 2009) (quotation omitted); *In re Ward*, 589 B.R. 424, 427 (Bank. W.D. Okla. 2018); *Cook v. Baca,* 512 Fed.Appx. 810, 821 (10th Cir. 2013); *Lamar v. Boyd,* 508 Fed.Appx. 711, 713-14 (10th Cir. 2013); *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007) (a complaint must give the court reason to believe the plaintiff has a reasonable likelihood of mustering factual support for the claims raised).

### IV. The Allegations of the Complaint

Since a motion to dismiss is judged on the well-pled allegations of a complaint being accepted as true, the substantive allegations of the Bank's Complaint need be examined, and the Court must determine whether the Complaint alleges sufficient facts supporting all the elements necessary to establish an entitlement to relief of non-dischargeability under § 523(a)(6). *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007). Accordingly, the relevant, non-conclusory facts are:

1. In 2018 and 2019 two companies owned by the Debtors, Caddo County Agricultural Center LLC and Oklahoma Distillers Feed Products LLC, executed three Promissory Notes in favor of the Bank in face amounts of $696,000, $3,874,500 and

$350,000. The Debtors jointly and severally guaranteed the Notes liability of the companies to the Bank. [Adv. Doc. 1, ¶¶ 6, 7, and 9].

2. As part of the loan transactions, the Debtors and the Bank sought and obtained the approval of the Small Business Administration ("SBA") to guarantee the loans for the sole benefit and protection of the Bank. In connection with obtaining the SBA loan guarantees, the Debtors executed numerous documents for review and approval of which were usual in connection with the SBA loan guarantees (the "SBA Documents"). As Co-Managers of the companies and as guarantors of the loans, the Debtors were given numerous documents including the eight documents listed in ¶ 11 of the Complaint. [Adv. Doc. 1, ¶¶ 10 and 11].

3. In the course of executing the SBA Documents, the Debtors' failed to execute the IRS Form 4506-C which authorizes the IRS to release to the Bank copies of the Debtors' and/or their companies tax returns for the years 2015, 2016 and 2017. [Adv. Doc. 1, ¶ 12].

4. After the corporate borrowers defaulted on their Note payments to the Bank, the Bank exercised its Power of Sale under its Real Estate Mortgages and Security Interest in all of the business assets of the borrowers. [Adv. Doc. 1, ¶ 16].

5. Following the foreclosure, and in order to realize upon the SBA Loan Guarantees, the Bank was required to submit guaranty claims to the SBA for review and approval. In reviewing the SBA Guaranty Claims, the SBA requested the executed copies of the IRS Form 4506-C(s) be provided by the Bank before the SBA Guaranty Claims are processed any further. These Guaranty Claims are in the amount of approximately $2 million. "The SBA Guaranty Claims risk being denied, in whole or in part, unless copies of the IRS Form 4506-C(s) are executed and provided to the SBA in a timely manner." [Adv. Doc. 1, ¶¶ 17,

18 and 19].

6. The intentional refusal by Debtors to execute the IRS Form 4506-C(s) are "willful and malicious acts intended to cause damages to the Plaintiff's Property Interest (i.e. Plaintiff's claim on the SBA Guaranty) presumably in retaliation to the Plaintiff's exercise of its legitimate rights as a creditor...." [Adv. Doc. 1, ¶ 22].

7. The contractual basis for the Debtors (or their companies) to execute the IRS Form 4506-C is alleged to be contained in Section B.2(d)(iii) of the Borrower Certification Agreements executed on behalf of the Borrowers:

> B. Borrower certifies that it will:
>
>   2. Books, Records, and Reports
>
>     d. Allow Lender or SBA, at Borrower's or Operating Company's expense to:
>
>       (iii) Allow all government authorities to furnish reports of examinations or any records pertaining to the Borrower and Operating Company upon request by Lender of SBA.

[Adv. Doc. 1, ¶ 14].

## V. Discussion

Debts arising from a debtor's willful and malicious injury to property of another are nondischargeable under 11 U.S.C. § 523(a)(6). That section provides:

> (a) A discharge under section 727, 1141, ..., 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> ****
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6).

In the Tenth Circuit, non-dischargeability under this subsection requires that the debtor's actions be both willful and malicious. *Panalis v. Moore (In re Moore)*, 357 F.3d 1125, 1129 (10th Cir.2004) ("Without proof of *both* [willful and malicious elements under 523(a)(6) ], an objection to discharge under that section must fail.") (emphasis in original); *Mitsubishi Motors Credit of America, Inc. v. Longley (In re Longley),* 235 B.R. 651, 655 (10th Cir. BAP 1999) (stating that "[i]n the Tenth Circuit, the phrase 'willful and malicious injury' has been interpreted as requiring proof of two distinct elements—that the injury was both 'willful' and 'malicious.'"). The "willful" element requires both an intentional act and an intended harm; an intentional act that leads to harm is not sufficient. *In re Parra*, 483 B.R. 752, 771 (Bank. D. N.M. 2012). The Tenth Circuit has articulated the "willful" component as requiring proof that the debtor "must 'desire ... [to cause] the consequences of his act ... or believe [that] the consequences are substantially certain to result from it.'" *Longley,* 235 B.R. at 656 (quoting RESTATEMENT (SECOND) OF TORTS § 8A (1965)); *See also Dorr, Bentley & Pecha, CPA's, P.C. v. Pasek (In re Pasek),* 983 F.2d 1524 (10th Cir. 1993).

The second required element under § 523(a)(6) is that the debtor's actions be "malicious." For a debtor's actions to be malicious, they must be intentional, wrongful, and without justification or excuse. *Parra,* 483 B.R. at 772; *In re Deerman,* 482 B.R. 344, 369 (Bank. D. N.M. 2012) (citing *Bombardier Capital, Inc. v. Tinkler,* 311 B.R. 869, 880 (Bank. D. Colo. 2004)); *See also Saturn Systems, Inc. v. Militare (In re Militare),* 2011 WL 4625024, at *3 (Bank. D. Colo. 2011) (a "wrongful act, done intentionally, without just cause or excuse"); *Tso v. Nevarez (In re Nevarez),* 415 B.R. 540, 544 (Bank. D. N.M.

2009) (without justification or excuse); *America First Credit Union v. Gagle (In re Gagle)*, 230 B.R. 174, 181 (Bank. D. Utah 1999) (without justification or excuse).

Since 523(a)(6) requires a creditor to prove both a willful act and a malicious injury, an intentional tort is required, and debts resulting from recklessness or negligence are not within the scope of § 523(a)(6). *See Kawaauhau v. Geiger*, 523 U.S. 57, 64, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) (holding "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)."); *In re White,* 2021 WL 450992, at *8 (Bank. W.D. Okla. 2021) ("Thus, an intentional tort is required, and debts resulting from recklessness or negligence are not within the scope of Section 523(a)(6)."); *Lockerby v. Sierra*, 535 F.3d 1038, 1041-42 (9th Cir. 2008) (holding that an intentional breach of contract cannot create a nondischargeable debt for purposes of § 523(a)(6) unless the misconduct also constitutes a separate tort under state law; "Expanding the scope of § 523(a)(6) to include contracts that are intentionally breached whenever it is substantially certain that injury will occur would severely circumscribe the ability of debtors to 'start afresh.'"); *See also* 4 *Collier on Bankruptcy* ¶ 523.12 [1] stating, "Section 523(a)(6) generally relates to torts and not to contracts."

Many cases have held that no breach of contract claim, intentional or otherwise, can come within § 523(a)(6). *See, e.g. Geiger*, 523 U.S. at 61–62, (holding that only claims arising from intentional torts can potentially meet the requirements for a willful and malicious injury under § 523(a)(6)); *In re Best,* 109 Fed.Appx. 1, 4 (6th Cir. 2004) (contract claim insufficient for § 523(a)(6) purposes; some tortious conduct must be shown); *In re Gagle,* 230 B.R. 174,184 (Bank. D. Utah 1999) ("§ 523(a)(6) does not arise through a claim

for recovery on a contract, for mere breach of contract will not support an action under § 523(a)(6)") (citing *Aldus Green Co. v. Mitchell (In re Mitchell*), 227 B.R. 45, 52 (Bank. S. D. N.Y. 1998) (§ 523(a)(6) does not encompass a breach of contract claim, unless the same act constitutes an intentional tort such as conversion)); *In re Burris*, 598 B.R. 315, 333 (Bank. W.D. Okla. 2019) ("Section 523(a)(6) generally relates to torts as opposed to contracts or breaches of duty.").

Other cases have held that in certain circumstances intentional contract breach cases fall within § 523(a)(6); however, even those cases still require that "a breach of contract must be accompanied by some form of 'tortious conduct' (recognized under applicable state law) that gives rise to 'willful and malicious injury.'" *In re Young Jin Yoon,* 627 B.R. 905, 914 (Bank. C.D. Cal. 2021) ("[A]n intentional breach of contract cannot give rise to debt that is nondischargeable on a willful and malicious injury theory, unless it is accompanied by conduct that constitutes a tort under state law."); *In re Jercich,* 238 F.3d 1202, 1206 (9th Cir. 2001) (same); *Wish Acquisition, LLC v. Salvino*, 2008 WL 182241, *3–4 (N.D. Ill. 2008) (same); *Texas v. Walker,* 142 F.3d 813, 823–24 (5th Cir. 1998) (claim for breach of contract and tort of conversion may arise from the same set of facts, and hence may be nondischargeable under § 523(a)(6)).

The gravamen of the Bank's Complaint, as currently plead, is that the "willful and malicious injury" was caused by the Debtors' failure or refusal to complete certain contractually required documentation which would assist the Bank in making a claim on the SBA guaranty of the Debtors' loans. There are no allegations in the Complaint of the Debtors' commission of a separate but related intentional tort. The Bank is asking this

Court to broaden the reach of § 523(a)(6) beyond injuries from tortious conduct to include damage awards for intentional breaches of contract. Based on the above law, the Court cannot stretch § 523(a)(6) so far. Applying § 523(a)(6) to contract causes of action is not appropriate in light of the long-standing application of the section solely to tort causes of action. No doubt, some actions formed by a contractual relationship can rise to independent tortious actions, i.e. conversion, breach of a fiduciary relationship, libel or slander, sale of defective products, but no such special relationship is pled in the Bank's Complaint. All that is alleged is that the Debtors failed or refused to execute the IRS Forms that would assist the Bank in collecting under the SBA guaranty four years after the loans were made, one year after the Bank foreclosed on the notes and collateral, and after Debtors filed bankruptcy. [Adv. Doc. 1-15]. Those allegations, even when assumed to be true and with all inferences drawn in favor of the Bank, only state a claim for breach of contract. They do not state a claim for "wilful and malicious" conduct under § 523(a)(6). *In re Braverman*, 463 B.R. 115, 120-21 (Bankr. N.D. Ill. 2011) (granting a motion to dismiss for failure to state a claim where plaintiff failed to plead a tort independent of a contract violation, "a plaintiff must allege facts falling within a recognized tort theory.").[3] Accordingly,

**IT IS ORDERED** that *Defendants' Motion to Dismiss Complaint* [Adv. Doc. 4] is

---

[3] In their *Motion to Dismiss,* Debtors also argue that the IRS Forms 4506-C were to obtain tax information of the Borrowers of the Bank's loans, Caddo County Agricultural Center LLC and Oklahoma Distillers Feed Products LLC, not the Debtors in their individual capacity. Thus, Debtors therefore assert that any possible breach of contract, intentional or otherwise, was by the LLCs not the Debtors. Given the Court's holding that the Complaint only states a claim for breach of contract and not a claim under § 523(a)(6), the Court does not deem it necessary to reach the issue of the contractual liability of the Debtors individually.

**Granted.**

**IT IS FURTHER ORDERED** that the Plaintiff, Peoples Bank and Trust Co. shall have fourteen (14) days from the date of the entry of this Order of Dismissal within which to file an amended complaint if it so chooses.

# # #